IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAURA A FITZGERALD, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. _____ |
| CREDIT BUREAU COLLECTION | : |
| SERVICES, INC., an Ohio corporation, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims under the Georgia Fair Business Practices Act.

- 1 -

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff LAURA A FITZGERALD is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant CREDIT BUREAU COLLECTION SERVICES, INC. is a corporation organized under the laws of the State of Ohio. [Hereinafter, said Defendant is referred to as "CBCS"].

6. CBCS transacts business in this State.

7. CBCS's transactions in this State give rise to the Plaintiff's Cause of Action.

8. CBCS is in the business of the collection of debts.

9. In the course of its business, CBCS mailed letters to Plaintiff in this District.

10. CBCS is subject to the jurisdiction and venue of this Court.

11. CBCS may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree St., NE, Atlanta, GA 30361.

## FACTS COMMON TO ALL CAUSES

12. CBCS uses the mails in its business.

13. CBCS uses telephone communications in its business.

14. The principle purpose of CBCS's business is the collection of debts.

15. CBCS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

16. CBCS attempted to collect an alleged obligation of the Plaintiff to pay money to a business not a party to this litigation.

17. The alleged obligation of the Plaintiff arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes.

18. Specifically, CBCS attempted to collect an alleged obligation of the Plaintiff to pay money for personal telephone, internet and/or television services to AT&T.

19. CBCS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

20. In 2012, CBCS has engaged in a collection campaign to attempt to collect a debt alleged to be owed to AT&T.

21. CBCS has sought to collect an alleged balance due of $1,163.33.

22. The alleged balance due was calculated from an alleged principal balance of $985.87 and an alleged collection fee of $177.46.

23. Georgia law limits the recovery of contractual collection fees upon evidence of indebtedness to the recovery of attorney's fees under O.C.G.A. § 13-1-11. See Long v. Hogan, 656 S.E.2d 868, 289 Ga. App. 347 (2008).

24. No attorney has been involved in the attempts to collect the alleged debt.

25. Neither CBCS, AT&T, nor any other entity has delivered a notice pursuant to O.C.G.A. § 13-1-11(a)(3).

26. There is no present right under Georgia law or the Customer Agreement for the collection of any collection fee.

27. At the time CBCS attempted to collect the collection fee, there was no right under Georgia law or the Customer Agreement for the collection of any collection fee.

28. The collection fee is in excess of the limits provided by O.C.G.A. § 13-1-11(a)(1) and (a)(2).

29. CBCS's attempts to collect the collection fee amounts to the false representation of the character and the amount of the debt.

30. CBCS's attempts to collect the collection fee amounts to the attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law.

31. CBCS regularly attempts to collect illegal collection fees on AT&T accounts it attempts to collect from consumers in the State of Georgia.

32. CBCS regularly collects illegal collection fees from consumers in the State of Georgia.

33. CBCS's conduct violates the Georgia Fair Business Practices Act.

34. CBCS's conduct violates the Federal Fair Debt Collection Practices Act.

35. CBCS does not maintain a place of business in Georgia.

36. CBCS does not keep assets in Georgia.

37. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

38. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

39. Defendant's violations of the FDCPA include, but are not limited to, the following:

40. The attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1);

41. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

42. The use of any false representations of deceptive means to attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10); and

43. The false representation of the character or amount of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

44. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

45. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: "The

use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

46. As a result of the Defendant's actions, Plaintiff is entitled to equitable injunctive relief, an award of general, exemplary and treble damages, and an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, general, treble and exemplary damages;

b) That Defendant be enjoined from attempting to collect any collection fee;

c) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

d) That the Court grant such further and additional relief as is just in the circumstances.

**SKAAR & FEAGLE, LLP**

by:   /s/ Justin T. Holcombe
      Justin T. Holcombe
      Georgia Bar No. 552100
      jholcombe@skaarandfeagle.com
      Kris Skaar
      Georgia Bar No. 649610
      krisskaar@aol.com
      P.O. Box 1478
      331 Washington Ave.
      Marietta, GA 30061-1478
      770 / 427-5600
      404 / 601-1855 fax

      James M. Feagle
      Georgia Bar No. 256916
      jfeagle@skaarandfeagle.com
      108 East Ponce de Leon Avenue
      Suite 204
      Decatur, GA 30030
      404 / 373-1970
      404 / 601-1855 fax